UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TYRICE PERKINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:19-cv-00652-SEB-TAB |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons discussed in this Entry, the motion of Tyrice Perkins for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

## I. The § 2255 Motion

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only is extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013).

## II. Factual Background

On three different occasions in August and September 2016, Mr. Perkins robbed three different pharmacies in Indianapolis, Indiana. *United States v. Perkins*, 1:16-cr-00248-SEB-MJD (hereinafter "Crim. Dkt."), dkt. 127 at 8-9. During each offense, he demanded prescription drugs under threat of death. *Id.* He also possessed a firearm during each offense. *Id.* Shortly after committing the third robbery, law enforcement officers stopped the vehicle in which Mr. Perkins was riding and seized a large quantity of prescription drugs and a sawed-off shotgun. *Id.* at 9. Mr. Perkins admitted to all three robberies in post-*Miranda* statements to law enforcement officers.

In early November 2016, a grand jury returned a multi-count indictment against Mr. Perkins and two other individuals involved in the robberies. Crim. Dkt. 44. Mr. Perkins was charged with three counts of interference with commerce by robbery in violation of 18 U.S.C. § 1951(a) ("Hobbs Act robbery") (Counts 1, 2, and 4); two counts of possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c) (Counts 3 and 5); one count of possession of a firearm after being convicted of a felony in violation of 18 U.S.C. § 922(g) (Count 6); and one count of possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a) (Count 7). *Id.*

On November 29, 2017, Mr. Perkins agreed to plead guilty to Counts 1 through 4 of the indictment pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Crim. Dkt. 127. He stipulated to the facts supporting his plea of guilty and waived his right to appeal his conviction and sentence. *Id.* at 8-11. Additionally, the parties agreed on a binding aggregate sentence of 240 months' imprisonment. *Id.* at 5.

In his plea agreement, Mr. Perkins declared that he read and understood his entire plea, that he discussed his entire plea with his attorney, and that no officer or agent of the Government made

any additional promises to him outside of the plea agreement. *Id.* at 12-13. Moreover, he agreed that his attorney informed, counseled, and advised him as to the nature and cause of every accusation against him and to any possible defenses, that he was satisfied with his attorney's representation during all phases of his case, and that his attorney effectively counseled and assisted him. *Id.* Finally, Mr. Perkins stated that he made "no claim of innocence" and that he was pleading guilty freely and voluntarily. *Id.* at 13.

Trial counsel certified that he had read and fully explained to Mr. Perkins all accusations against him. *Id.* at 14. Counsel also confirmed that Mr. Perkins's guilty plea was "voluntarily and understandingly made." *Id.* at 15.

The Court conducted a change of plea hearing for Mr. Perkins on December 1, 2017. Crim. Dkt. 129; *see also* Crim. Dkt. 151 (transcript of change of plea hearing). At this hearing, Mr. Perkins verified that he had discussed the charges, possible defenses, and his case with his attorney. Crim. Dkt. 151 at 6, 8-9. When asked if he was fully satisfied with his counsel, counsel's representation, and the advice provided by counsel, Mr. Perkins stated that he was. *Id.* at 9. He affirmed that he had read and discussed the plea agreement with counsel before he signed it and understood the terms and conditions of the agreement. *Id.* He also verified that no one used force or threats to induce him to plead guilty and that he was doing so of his own free will because he was guilty. *Id.*

After advising Mr. Perkins of the rights he was giving up by pleading guilty, *id.* at 10-12, the Court explained that the sentence stated in the plea agreement was binding upon the Court and that in deciding to accept or reject the plea, the Court would consider the factors set forth in 18 U.S.C. § 3553(a) and the United States Sentencing Guidelines, *id.* at 13-15. Both Mr. Perkins and

his counsel verified that they had discussed the § 3553(a) factors, and Mr. Perkins acknowledged that he discussed the Sentencing Guidelines with counsel. *Id.* at 15.

Finally, the Court reviewed the factual basis set forth in the plea agreement, and Mr. Perkins agreed that the factual basis was accurate. *Id.* at 22-24. After reviewing additional aspects of the plea agreement, the Court asked Mr. Perkins if he had any questions about what was discussed. Mr. Perkins indicated that he did not have questions, and he pleaded guilty to Counts 1 through 4 of the indictment. *Id.* at 29. The Court concluded that Mr. Perkins was "fully competent and capable of entering an informed plea," that he was aware of the nature of the charges and consequences of the plea, and that his guilty plea was knowing and voluntary. *Id.* at 29-30.

Before the change of plea hearing concluded, Mr. Perkins' counsel provided explanation of the rationale underlying the binding plea agreement. He explained that Count 5 would carry a 25-year mandatory minimum sentence that would run consecutive to the seven-year mandatory minimum sentence for Count 3 and consecutive to the sentence for the Hobbs Act robbery counts. *Id.* at 31. Given the length of the sentence Mr. Perkins faced if convicted, his counsel advised that it "was a much better decision [to enter into the binding plea agreement] than go[] to trial and fac[e] the potential for that sentence at trial." *Id.* The Court confirmed that Mr. Perkins made post-*Miranda* confessions and that the case against Mr. Perkins was "very, very, very, very strong." *Id.* It then took the plea agreement under advisement pending completion of a presentence investigation report ("PSR"). *Id.* at 30-31.

The PSR calculated a total offense level of 26 and a criminal history category of III for Counts 1, 2, and 4.[1] Crim. Dkt. 139 at ¶¶ 57, 64. This resulted in a guideline imprisonment range

---

[1] Count 3 was excluded from the offense level computations because it required a statutory mandatory consecutive sentence. Crim. Dkt. 139 at ¶ 29.

of 78 to 97 months' imprisonment. *Id.* at ¶ 90. The PSR also described Mr. Perkins' substance abuse history. *Id.* at ¶¶ 78-80. Specifically, it noted that Mr. Perkins began experimenting with PCP at age 14 and that his family had expressed concern about his use of PCP. *Id.* at ¶ 79.

The Court conducted a sentencing hearing on February 12, 2018. Crim. Dkt. 141; *see also* Crim. Dkt. 155 (transcript of sentencing hearing). Mr. Perkins verified that he had reviewed the PSR with counsel. *Id.* at 5. The Court nonetheless reviewed the PSR with Mr. Perkins and accepted it. *Id.* at 8-11. It accepted Mr. Perkins' guilty plea and the binding plea agreement and sentenced Mr. Perkins' to an aggregate term of 240 months' imprisonment and three years' supervised release. *Id.* at 21-22; *see also* Crim. Dkt. 142 (judgment).

Mr. Perkins did not appeal his conviction or sentence, but on February 14, 2019, he filed a motion to vacate under § 2255. Dkt. 1. The United States responded, and Mr. Perkins did not file a reply.

### III. Discussion

Mr. Perkins argues that he is entitled to relief because he received ineffective assistance of counsel that rendered his guilty plea unknowing and involuntary. He also argues that his conviction for Hobbs Act robbery does not qualify as a predicate crime of violence for purposes of his conviction on Count 3, possessing a firearm in furtherance of a crime of violence. He asks the Court to conduct an evidentiary hearing on his claims and invalidate his guilty plea.

**A. Ineffective Assistance of Counsel Claims**

A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011). If a petitioner cannot establish

5

one of the *Strickland* prongs, the Court need not consider the other. *Groves v. United States*, 755 F.3d 588, 591 (7th Cir. 2014).

The right to effective assistance of counsel "extends to the plea-bargaining process." *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). The *Strickland* two-part test "applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). The performance inquiry requires Mr. Perkins to show that counsel's representation fell below an objective standard of reasonableness. *Lafler*, 566 U.S. at 163. To establish prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (internal quotation marks and citation omitted).

Mr. Perkins presents several challenges to the effectiveness of trial counsel's representation. Generally, he alleges that trial counsel (1) failed to investigate the facts of the case, (2) failed to explain the United States Sentencing Guidelines and mandatory minimum sentences as applied to Mr. Perkins' offenses, (3) coerced Mr. Perkins into pleading guilty, (4) provided incorrect advice and false information, (5) failed to file a motion to suppress, (6) failed to notify the Court of the effects of Mr. Perkins' addiction to PCP, and (7) failed to inform Mr. Perkins that his guilty plea would result in the forfeiture of constitutional and statutory rights. He alleges that these errors rendered his guilty plea unknowing and involuntary. The Court will address each of these allegations in turn.

### 1. *Failure to Investigate*

Mr. Perkins asserts that he is entitled to relief because counsel failed to investigate the facts of the case. However, he fails to explain exactly what counsel should have investigated and what an investigation would have produced. Under these circumstances, Mr. Perkins is not entitled to

relief on this basis. *Hardamon v. United States*, 319 F.3d 943, 951 (7th Cir. 2003) (petitioner has the burden of providing the court with a comprehensive showing as to what the investigation would have produced).

> 2. *Failure to Explain United States Sentencing Guidelines and Applicable Mandatory Minimum Sentences*

Mr. Perkins next argues that counsel provided ineffective assistance by failing to explain the United States Sentencing Guidelines and the mandatory minimum sentences applicable to his case. He cannot establish that he is entitled to relief on this claim, however, because the record demonstrates that Mr. Perkins received the information he claims counsel failed to provide.

A defendant's sworn statements during a Rule 11 plea colloquy are presumed to be true. *United States v. Graf*, 827 F.3d 581, 584 (7th Cir. 2016). A defendant "cannot obtain relief by the expedient of contradicting statements freely made under oath, unless there is a compelling reason for the disparity." *Nunez v. United States*, 495 F.3d 544, 546 (7th Cir. 2007), *judgment vacated and remanded on other grounds*, 554 U.S. 911 (2008). At the change of plea hearing, Mr. Perkins affirmed that he received the information he now claims counsel failed to provide.

First, the plea agreement outlined the statutory provisions relating to the penalties applicable to Counts 1 through 4. Crim. Dkt. 127 at 2. It outlined the maximum sentence applicable to Counts 1, 2, and 4 as twenty years' imprisonment and the mandatory minimum sentence applicable to Count 3 as a consecutive term of seven years' imprisonment. *Id.* The Court reviewed these statutory provisions with Mr. Perkins during his plea hearing, and he indicated that he understood. Crim. Dkt. 151 at 7.

Also during Mr. Perkins' plea hearing, the Court explained that it would consider the United States Sentencing Guidelines when deciding whether to accept the binding plea agreement. Crim. Dkt. 151 at 14-15. When asked if he had reviewed the Sentencing Guidelines with counsel, Mr.

Perkins indicated that he had. *Id.* at 15. Moreover, at the end of the change of plea hearing, Mr. Perkins' counsel summarized the potential sentence Mr. Perkins would face if he went to trial, highlighting that a guilty conviction on Count 5 of the indictment would carry a mandatory minimum sentence of 25 years' imprisonment which would run consecutively to both the sentence for Counts 1, 2, and 4 and the mandatory minimum seven year sentence for Count 3. *Id.* at 31. Mr. Perkins expressed no confusion or hesitation during any of these discussions. Mr. Perkins has not presented a "compelling reason for the disparity" between his attestations at the plea colloquy and the allegations in his § 2255 motion. *Nunez*, 495 F.3d at 596. Therefore, he is not entitled to relief on this basis.

### 3. *Coercion*

Mr. Perkins' third allegation of ineffective assistance of counsel is that counsel coerced him into pleading guilty. He alleges that counsel forced him into pleading guilty using "scare tactics" and that counsel did so to conceal that he was unprepared for trial. Dkt. 2 at 10, 20. The record establishes, however, that Mr. Perkins pleaded guilty of his own free will.

During his plea colloquy, Mr. Perkins affirmed that he discussed the charges in his case, the evidence against him, and potential defenses with counsel while deciding whether to plead guilty. Crim. Dkt. 151 at 6, 8-9. He stated that he read and discussed the plea agreement with counsel, that he understood the plea agreement, and that no one used force or threats to induce him to plead guilty. *Id.* at 9. Moreover, he averred that no one made promises other than what was in the plea agreement and that he was "pleading guilty of [his] own free will and because [he was], in fact, guilty." *Id.* Mr. Perkins did not express hesitation or display a lack of understanding regarding the plea agreement and the guilty plea process. Mr. Perkins is not entitled to relief on

this argument because his statements under oath at the change of plea hearing contradict his current assertions, and he has presented no reason to disbelieve his testimony at the change of plea hearing.

### 4. Incorrect Advice and False Information

In his fourth claim of ineffective assistance of counsel, Mr. Perkins contends that counsel preformed deficiently by incorrectly advising Mr. Perkins that he faced a fifty-year sentence if he went to trial and that accepting the plea agreement would result in a thirteen-year sentence. Dkt. 2 at 19-20. Relief is not warranted on either argument.

First, counsel did not provide misadvice by informing Mr. Perkins that he could face a fifty-year term of imprisonment if he went to trial. As set forth above, Mr. Perkins faced a mandatory minimum seven-year sentence on Count 3 and a 25-year mandatory minimum sentence on Count 5. Both of these sentences would have run consecutive to any sentence imposed on the remaining counts. Had Mr. Perkins gone to trial, he could have been convicted on not only the Hobbs Act robbery offenses, but also a felon in possession of a firearm offense (Count 6) and a possession of a controlled substance offense (Count 7). In light of the consecutive mandatory minimum sentences, which would have totaled 32 years, it was not unreasonable for counsel to suggest that Mr. Perkins faced a potential fifty-year sentence if convicted of all counts at trial.

Second, Mr. Perkins' claim that he relied on counsel's false advice that he would face a thirteen-year sentence if he pleaded guilty is belied by the record. The plea agreement states that Mr. Perkins agreed to a term of imprisonment of 240 months, or 20 years. Crim. Dkt. 127 at 5. Mr. Perkins averred that he had read the terms of the plea agreement and understood them. Crim. Dkt. 151 at 6. Additionally, during the plea colloquy, the Court explained that if it accepted the plea agreement, Mr. Perkins would receive the sentence set forth in the plea agreement. *Id.* at 14. Mr. Perkins affirmed that he understood. Mr. Perkins has not presented sufficient evidence to

undermine the statement he made under oath at the plea colloquy. Relief is not warranted on this allegation of ineffective assistance of counsel.

### 5. *Failure to File Motion to Suppress*

Mr. Perkins next asserts that counsel provided ineffective assistance by failing to file a motion to suppress. Dkt. 2 at 21. However, Mr. Perkins does not explain the basis for filing a motion to suppress or provide the arguments he believes counsel should have presented. Mr. Perkins' argument is insufficient to "bear[] the heavy burden of proof established by *Strickland*." *Castor v. United States*, 72 F.3d 132 (7th Cir. 1995); *see also United States v. Davenport*, 986 F.2d 1047, 1049 (7th Cir. 1993) (noting petitioner bears the burden of both proof and persuasion on ineffective assistance of counsel claims).

Moreover, to the extent the Court understands Mr. Perkins as contending that counsel should have filed a motion to suppress the statements of a co-defendant, such a motion would have been frivolous. The factual basis in Mr. Perkins' plea agreement indicates that he confessed to all three robberies after being advised of his *Miranda* rights. Crim. Dkt. 127 at 8-9. Suppressing the statements of a co-defendant would have had little import given the statements made by Mr. Perkins himself. Counsel has "no duty to make a *frivolous* argument; and there is a tactical reason not to make weak arguments . . . ." *United States v. Rezin*, 322 F.3d 443, 446 (7th Cir. 2003), *overruled on other grounds by Lockhart v. United States*, 136 S. Ct. 958 (2016). Counsel did not provide ineffective assistance by failing to file a motion to suppress.

### 6. *Failure to Notify Court of Effects of Addiction to PCP*

Mr. Perkins also alleges that counsel provided ineffective assistance by failing to notify the Court that Mr. Perkins was incapable of making an informed decision to plead guilty due to his

addiction to PCP. Dkt. 2 at 21. This argument fails, however, because of Mr. Perkins' statements at the change of plea hearing.

At the beginning of the change of plea hearing, Mr. Perkins stated that he was not "under the influence of any medication or other substance that might affect [his] ability to understand" the proceedings. Crim. Dkt. 151 at 6. He also responded in the negative when asked if he had recently been treated for any mental illness or addiction to narcotic drugs. *Id.* Finally, he affirmed that he understood the terms of his plea agreement and that he was pleading guilty of his own free will and because he was guilty of the offenses. *Id.* at 9. Counsel was not ineffective for failing to notify the Court of any effects of Mr. Perkins' past addiction to PCP when Mr. Perkins also did not notify the Court of any difficulties or concerns.

### 7. *Failure to Inform of Waiver of Statutory and Constitutional Rights*

For his seventh claim of ineffective assistance of counsel, Mr. Perkins alleges that he did not know of the "broad range of constitutional and statutory rights he would be forfeiting" upon pleading guilty. Dkt. 2 at 23. Counsel's performance was not deficient in this respect because Mr. Perkins was notified of the rights he would be waiving by pleading guilty in both the plea agreement and during the plea colloquy.

The plea agreement signed by Mr. Perkins contains a discussion of the rights he waived, including the right to appeal, the right to file a collateral attack, and the right to appeal his supervised release term and conditions. Crim. Dkt. 127 at 10-11. Additionally, the plea agreement explained that Mr. Perkins had the right to plead not guilty, the right to trial by jury, the right to be represented by counsel, the right to confront witnesses and testify and present evidence, the right to be protected from compelled self-incrimination, and the right to appeal. *Id.* 4-5. It then states,

"The defendant understands that if the Court accepts this plea of guilty, the defendant waives all of these rights." *Id.* at 5.

The Court reviewed all of these rights, and more, with Mr. Perkins during the plea colloquy. Crim. Dkt. 151 at 10-12. Mr. Perkins indicated that he understood that he was waiving all of these rights by pleading guilty. *Id.* At no point did Mr. Perkins communicate that he did not understand what was happening or that a miscommunication had occurred. In his § 2255, he has not presented any compelling reason to doubt the veracity of the statements he made at the plea colloquy. He is therefore not entitled to relief on this basis.

### 8. Cumulative Error

Finally, Mr. Perkins can be understood to assert that counsel provided ineffective assistance based on cumulative error. Dkt. 2 at 10. Because the Court has found "no error to have occurred associated with ineffective assistance of counsel argument, [] there is no error to become cumulative." *McCullough v. Butts*, Case No. 1:13-cv-00496-TWP-MJD, 2015 WL 5837563, *5 (S.D. Ind. Oct. 6, 2015) (collecting cases).

### B. Crime of Violence Claim

Mr. Perkins next argues that Hobbs Act robbery is not a "crime of violence" for purposes of § 924(c). Dkt. 2 at 26-39. He contends that his § 924(c) conviction (Count 3) must be set aside because it is unconstitutionally vague.

Section 924(c) authorizes heightened criminal penalties for using or carrying a firearm "during and in relation to," or possessing a firearm "in furtherance of," any federal "crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). The Supreme Court has explained:

> The statute proceeds to define the term "crime of violence" in two subparts—the first known as the elements clause, and the second the residual clause. According to § 924(c)(3), a crime of violence is "an offense that is a felony" and

> "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> "(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

*United States v. Davis,* 139 S. Ct. 2319, 2324 (2019). *Davis*, *id.* at 2336, and *United States v. Cardena,* 842 F.3d 959 (7th Cir. 2016), hold that the residual clause, § 924(c)(3)(B), is unconstitutionally vague. "After *Davis*, a § 924(c) conviction based on a crime of violence is valid only under the statute's 'elements clause,' which treats as crimes of violence only crimes that have as an element the actual, attempted, or threatened use of force." *Oliver v. United States*, 951 F.3d 841, 844 (7th Cir. 2020).

Mr. Perkins is not entitled to relief on his claim, however, because Hobbs Act robbery qualifies as a crime of violence under the elements clause, § 924(c)(3)(A). *United States v. Fox*, 878 F.3d 574, 579 (7th Cir. 2017) (collecting cases); *accord, Haynes v. United States*, 936 F.3d 683, 690 (7th Cir. 2019). This is because the statute includes the use, or threatened use, of physical force against the person or property of another. 18 U.S.C. § 1951(b) (defining robbery). Mr. Perkin's Hobbs Act robbery conviction therefore constitutes a valid predicate crime of violence for the purposes of his § 924(c) conviction. Mr. Perkins is not entitled to relief on this basis.

### IV. Conclusion

For the reasons explained in this Entry, Mr. Perkins is not entitled to relief on his § 2255 motion. Nor is an evidentiary hearing required to resolve Mr. Perkins' claims. Accordingly, his motion for relief pursuant to § 2255 is **denied** and this action is **dismissed with prejudice**. Judgment consistent with this Entry shall now issue and the Clerk shall **docket a copy of this**

**Entry in No. 1:16-cr-00248-SEB-MJD-1**. The motion to vacate, Crim. Dkt. [149], shall also be **terminated** in the underlying criminal action.

## V. Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition. Rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Perkins has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date:   8/24/2020

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

TYRICE PERKINS
15437-028
BECKLEY - FCI
BECKLEY FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 350
BEAVER, WV 25813

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bradley.blackington@usdoj.gov